# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:12-CR-32(2) |
| | § | |
| SANTOS CONTRERAS (2) | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was assigned for trial to the Honorable Ron Clark, United States District Judge. At Defendant Santos Contreras's Initial Appearance on May 16, 2012, the undersigned questioned Contreras under oath regarding his financial situation and obtained from Contreras a signed financial affidavit. (Doc. Nos. 20, 21.) Based on the information attested to by Contreras, the undersigned found that Contreras was unable to afford counsel; therefore, the undersigned appointed an attorney to represent Contreras. (Doc. Nos. 20, 27.) A jury trial was held before Judge Clark from August 6, 2012, to August 9, 2012, resulting in Contreras's conviction for violations of 18 U.S.C. § 924(c) and 21 U.S.C. § 841(a)(1). (Doc. Nos. 104, 145.) Judge Clark entered Judgment on December 19, 2012. (Doc. No. 145.)

Contreras has since retained counsel, Gerald Fry, and filed notice of appeal from the final judgment entered in this matter. (Doc. Nos. 140, 150.) On January 25, 2013, Contreras filed requests for transcripts of the trial court proceedings to be paid for with Criminal Justice Act ("CJA") Funds. (Doc. Nos. 154–56.) Judge Clark denied those requests, allowing Contreras to file a supplemental request with supporting documentation showing why he is entitled to transcripts paid for with CJA funds. (Doc. No. 157.) Judge Clark referred any such request to the undersigned for a report and recommendation. (Id.) Contreras filed his supplemental request for transcripts paid for with CJA funds on February 14, 2013. (Doc. No. 165.) Having considered that request, the undersigned now recommends that it be granted.

First, it should be noted that this is a unique, if not stand alone, occurrence. The customary approach is for retained counsel to include the cost of transcripts as a cost of representation—as with any other litigation expense—and then pay for any transcript copies that counsel finds necessary to effectively represent the client. However, that appears not to have occurred here.

Pursuant to 18 U.S.C. § 3006A(e)(1), "[c]ounsel for a person who is financially unable to obtain . . . services necessary for adequate representation may request them . . . . Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1) (2006). The Fifth Circuit has interpreted this statute—as well as the Constitution in some instances—to require free transcripts of prior proceedings for those financially unable to obtain them, if such is reasonably necessary to prepare for a subsequent proceeding. United States v. Pulido, 879 F.2d 1255, 1256–57 (5th Cir. 1989). In the instant case, the undersigned finds that Contreras is financially unable to obtain copies of transcripts and that such transcripts are reasonably necessary to prepare for Contreras's appeal.

Since Contreras's initial appearance, where it was first found that he was unable to afford counsel, Contreras's financial situation has only worsened. He has been in custody since May 16, 2012, and during this time, he has received no income. (Doc. No. 159.) Contreras's current counsel was paid for by his parents, and it does not appear that the funds used to pay counsel were previously, or are currently, at Contreras's disposal. (Id.) Contreras's parents also do not have additional funds to pay for copies of transcripts at this time. (Id.) Accordingly, despite having retained counsel, the undersigned finds Contreras is financial unable to afford copies of transcripts. See, e.g., United States v. Zelenka, 112 F. Supp. 2d 708 (M.D. Tenn. 1999) (allowing defendant to

continue with appointed counsel, despite defendant's friends subsequently hiring co-counsel to represent defendant).

Transcripts of the trial court proceedings are also reasonably necessary to allow Contreras's newly retained counsel to appeal this action. The transcripts will allow counsel to identify appealable issues and to prepare logical arguments on those issues.

Nonetheless, based on Contreras's "Motion for Free Trial Transcripts" and supporting documents (Doc. No. 159), the undersigned finds that there are funds available from or on behalf of Contreras to allow for payment of the transcripts *over a series of months*. See (Doc. No. 159, Attachs. 1, 2) (identifying, as an impediment to payment, that the court reporter would not accept monthly installment payments). Therefore, the undersigned concludes that a CJA-7 form requiring Contreras to repay the cost of the transcripts within a period of twenty-four months should be entered.

**Recommendation**

Contreras "Motion for Free Trial Transcripts" (Doc. No. 165) should be **GRANTED**. The Court should allow Contreras to obtain transcripts paid for with CJA funds, but a CJA-7 form requiring Contreras to repay the cost of the transcripts within a period of twenty-four months should be entered.

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to

a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of February, 2013.

_____
Zack Hawthorn
United States Magistrate Judge