IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 1:12-CR-32-2-MJT |
| | § | |
| | § | |
| SANTOS CONTRERAS | § | |
| | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the undersigned is a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (doc. #231) filed by the Defendant, Santos Contreras.[1]  Contreras is currently serving a sentence for violations of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute 5 Kilograms or more of Cocaine) and 18 U.S.C. § 924(c) (Possession of a Firearm in Relation to a Drug Trafficking Offense).  (Doc. #145.)  The United States filed a response to the Defendant's motion.  (Doc. #233.)  After reviewing all applicable facts and law, the undersigned recommends that the Defendant's motion be denied.

### I.   ISSUE PRESENTED

The Defendant argues that he should receive a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) because sections 401 and 404 of the First Step Act apply in his case and should change his sentences to run concurrently instead of consecutively.  (Doc. #231, at 2.)

The Government responds stating that section 404 of the First Step Act does not apply to the Defendant because that section only allows courts to reduce sentences for defendants who have

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.  28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); Doc. #245.

been convicted of an offense involving crack cocaine. (Doc. #233, at 34.) The response also states that in the event the Defendant is asserting retroactive application of section 403 of the First Step Act regarding the stacking of § 924(c) violations, that is also inapplicable because he only has one conviction on a § 924(c) violation. (*Id.*)

## II.   DISCUSSION

18 U.S.C. § 3582(c)(2) states: "The court may not modify a term of imprisonment once it has been imposed except: ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." The new lower guideline range must be via a retroactively applicable amendment to the sentencing guidelines. *United States v. Dixon*, 808 F. App'x 221, 223 (5th Cir. 2020) (citing *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009)). The court then determines whether: 1) the defendant is eligible for a reduction because the new range would actually lower the defendant's guideline range; and 2) the reduction is warranted in the court's discretion considering the factors set forth in 18 U.S.C. § 3553 and any applicable policy statements. *Id.*

On December 21, 2018, the President signed the First Step Act into law. The First Step Act of 2018 was enacted to remedy a gap left open by the Fair Sentencing Act of 2010 and various amendments to the United States Sentencing Guidelines relative to sentences imposed for certain crack cocaine offenses. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

Section 401 of the First Step Act lowered statutory minimum sentences for recidivist defendants who committed offenses under 21 U.S.C. § 841(b)(1)(A) and were previously convicted of qualifying drug offenses. *United States v. Leon*, No. 9:10-CR-29-RC, 2020 WL

4747859, at *1 (E.D. Tex. Aug. 15, 2020). This section is not retroactive. *Id.* Therefore, it does not apply to the Defendant in this case.

Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"). *Id.* at *2. Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggers the mandatory minimum penalties under 21 U.S.C. §§ 841(b) and 960(b) and went into effect on the date it was enacted—August 3, 2010. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). A defendant who did not receive the benefit of the Fair Sentencing Act's modification of the amount of crack cocaine needed to trigger the mandatory minimum sentences may be eligible for a sentence reduction under the First Step Act. Section 3 of the Fair Sentencing Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *Id.*

A defendant is eligible for a section 404 sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits. *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [Fair Sentencing Act], that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5221-22 (2018). "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the [Fair Sentencing Act] were in effect at the time the covered offense was committed." *Id.* at 5222. Section 404(c) of the First Step Act makes clear, however, that a sentence reduction is discretionary. *See id.* ("Nothing in this section shall be construed to require a court to reduce

3

any sentence pursuant to this section."); *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019) ("[The First Step Act"] gives the district court broad discretion in deciding whether to resentence."); *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

Here, the Defendant pled guilty to possession with intent to distribute 5 kilograms or more of cocaine HCL, not crack cocaine. Therefore, section 404 of the First Step Act is inapplicable in this case. *United States v. Carbe*, 797 F. App'x 901, 902 (5th Cir. 2020 ) (finding defendant not eligible for relief under Section 404 of the First Step Act for a conviction based upon powder cocaine); *United States v. Bosques-Gutierrez*, No. 2:06-CR-20089-08, 2020 WL 3558174, at *1 (W.D. La. June 29, 2020) ("Neither Section 2 nor Section 3 of the Fair Sentencing Act amended the penalties associated with powder cocaine. Accordingly, Defendant is not eligible for relief under Section 404 of the First Step Act."); *see also Leon*, 2020 WL 4747859, at *2 (finding section 404 inapplicable to a conviction for methamphetamine); *United States v. Hernandez*, No. 4:18-CR-00070-002, 2022 WL 1695785, at *2 (E.D. Tex. May 26, 2022) (finding section 404 inapplicable to a conviction for methamphetamine).

The Government also noted in their response to the Defendant's motion that in the event the Defendant is also asserting retroactive application of section 403 of the First Step Act regarding the stacking of § 924(c) violations, that section is also inapplicable here because he only has one conviction on a § 924(c) violation. Although the Defendant does not mention section 403 in his motion, the undersigned agrees with the Government on this issue.

### III. RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that Defendant's motion for reduction of sentence be denied.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 17th day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE